(24 Misc. Rep. 628.)

### WATSON v. NEW YORK, O. & W. RY. CO. (three cases).

#### Nos. 5, 7, and 9.

(Supreme Court, Trial Term, Oneida County.   September, 1898.)

1. MILEAGE BOOKS—EFFECT OF SIGNING.

Signing one's name to a recital in a mileage book, that it was issued subject to the regulations there set forth, is an adoption of the conditions contained therein.

2. SAME—CONDITIONS OF ISSUING.

Under Laws 1896, c. 835, § 1, requiring railroads to issue mileage books entitling the holder to travel 1,000 miles, the company cannot prescribe as a condition that, if presented by one other than the person named therein, the book shall be taken up.

3. SAME—REFUSAL TO ISSUE—PENALTY—CONTINUING REFUSAL.

Laws 1896, c. 835, providing that a railroad refusing to issue a mileage book as provided therein shall forfeit $50 to the party refused, does not authorize recovery for more than one refusal to the same person before action brought.

4. SAME—DEMAND FOR—REFUSAL TO ISSUE—JUSTIFICATION.

A demand was made of a railroad for a mileage book, "as provided by Laws 1895, c. 1027, as amended by Laws 1896, c. 835," providing a penalty for refusal; and it was refused. The laws quoted required the holder to personally present the book to obtain transportation for a member of his family, but at time of demand had been changed by Laws 1897, c. 484, allowing such member to present the book. *Held*, that the railroad could refuse the demand.

Actions by Frank T. Watson against the New York, Ontario & Western Railway Company. Judgments for plaintiff in actions Nos. 5 and 7, and for defendant in action No. 9.

Each of these actions, which were submitted all together for decision, is brought to recover a penalty of $50 for the alleged failure and refusal of the defendant to issue a 1,000-mile mileage book, as required by statute. In the first two actions the alleged offense of the defendant is predicated upon its refusal to sell to plaintiff such mileage book unless he subscribed his name upon a page printed therein containing certain rules and regulations, and which he declined to do. In the last action, plaintiff made with great particularity a demand for a certain kind of mileage book, and with which defendant's agent informed him he was not supplied. The alleged offenses set forth in actions Nos. 5 and 7 occurred while the statute of 1895, as amended by the statute of 1896, was in force. The offense charged in the last action took place after chapter 484 of the Laws of 1897 had gone into effect. After the facts constituting the alleged cause of action set forth in action No. 5 had occurred, and before said action was brought, another action, in addition to those above entitled, had been brought for an alleged similar refusal of the defendant claimed to have occurred subsequently to that set forth in said action No. 5; and this action was pending in the supreme court at the time the latter action was commenced. No evidence was submitted by either party, but a stipulation was produced setting forth facts deemed to be essential.

C. H. Searle, for plaintiff.

H. D. Newton, for defendant.

HISCOCK, J.   No evidence was produced indicating the circumstances under which plaintiff made application for the mileage books upon the occasions in question, or that he really, in good faith, desired to purchase them.   While not specifically set forth in the stipu-

lations submitted, the statements of counsel on the submission of these cases, and the numbers of the cases themselves, seem to indicate that there are several others of a similar character pending by the same plaintiff against the same defendant; and I am rather led to the conclusion that plaintiff has been more solicitous to build up causes of action against defendant than to really purchase and use a mileage book.

The refusal of the defendant complained of in the first two actions arising out of its unwillingness to issue said books unless plaintiff subscribed his name therein presents, as the first question to be considered, whether the defendant had the right to insist upon such subscription. Plaintiff was required as a condition of issuing the book to subscribe his name at the bottom of a page which contained at its top the following: "This book entitles the holder named therein to transportation for himself, or for a member of his family or firm, or a salesman of such firm, for 1,000 miles between points at which trains are scheduled to stop upon the lines of this company, upon compliance with the following rules and regulations;" and then follow six paragraphs or clauses of such so-called "rules and regulations." It is strenuously argued by defendant's counsel that such subscription by plaintiff upon such page would not make said page and all it contained a contract or agreement between plaintiff and defendant covering the usage of such mileage book. It seems to me, however, that, when he subscribed his name to a recital that the book was issued subject to the rules and regulations there set forth, it would bind him to an observance thereof, and that he would not be able thereafter to avoid or repudiate any of the conditions so set forth. It is also urged by the same counsel that, even if he were bound thereby, none of said rules and regulations unreasonably infringed the right of plaintiff, or impaired the obligations which were cast upon the defendant by the statute. This argument does not seem to me to be so well founded. For instance, one of the regulations set forth was to the effect that, if the mileage book or any exchange ticket issued at the request of the holder should be presented by any person other than the one named, the same should be forfeited and taken up by the agent or conductor to whom it was presented. This means that if plaintiff should pay for and accept said book under said regulations, and thereafter, without fault upon his part, the same should be stolen or temporarily lost, and be presented for use by a wrongdoer, he would absolutely and unqualifiedly lose all his rights therein. I do not think that the defendant would have the right under the statute to impose such a condition before issuing a book. There are also other objections urged by plaintiff's counsel to the rules and regulations which it is not necessary to consider at length. It suffices to say that this requirement by the defendant of plaintiff's subscription of his name before issuing the mileage book seems to me to be beyond the power of the defendant, and in violation of the statutes upon the subject, as governed by the principles laid down in the recent case of Trolan v. Railroad Co., 31 App. Div. 320, 52 N. Y. Supp. 257.

Upon his brief, defendant's counsel urges two further defenses to these actions, which may be considered together. The first one is,

"But one penalty can be recovered for the several refusals of the defendant to issue a mileage book;" and the second one is, "There has been but one refusal upon the part of defendant to furnish plaintiff with a mileage book."

The portion of the statutes in question providing for a penalty such as is claimed in these actions reads as follows: "Any railroad corporation which shall refuse to issue a mileage book as provided by this section or in violation hereof to accept such book for transportation shall forfeit fifty dollars to be recovered by the party to which such refusal is made." The statute does not attempt to provide for compensation or damages which a party might suffer through not obtaining a mileage book, and therefore paying three cents a mile for travel instead of two. A traveler would, undoubtedly, be able to secure compensation for such loss sustained through infringement of his rights under this statute in an ordinary action for damages. The object of the statute undoubtedly was and is to provide, in addition to legal damages, a proper and sufficient punishment for any railroad company which might refuse to comply with it. The language of the statute, however, has been chosen with care; and, in providing a penalty, it is to be noted as significant that the words "for each and every offense," found in various penal statutes, have been omitted. In this respect, and in its general features upon this point, the statute is similar to the ones under consideration in the case of Fisher v. Railroad Co., 46 N. Y. 644, and Sturgis v. Spofford, 45 N. Y. 446. The reasoning employed and decision arrived at by the court in each of those cases seem to me entirely applicable to this case, and to so clearly sustain as not to require elaboration or further repetition here the conclusion that the statute under which plaintiff claims does not contemplate and will not sustain one or more actions to recover a lot of penalties based upon repeated refusals or failures of a railroad company to issue mileage books, all accruing before action commenced. It seems to be entirely clear, under the decisions quoted, that plaintiff could not make a series of daily or weekly demands for a mileage book, and keep silent during them, and finally bring one or several actions to recover a large number of penalties.

Applying these conclusions to the facts stipulated in these cases, it appears that after the alleged refusal set forth in action No. 5, and before commencement of that action, another action had been commenced, and was then pending, for an alleged similar refusal claimed to have been made after the one in action No. 5. The acts complained of in these two actions would amount to but one refusal, and give a right of recovery of but one penalty, and the other action, having been commenced before No. 5, would be a bar to the latter if properly pleaded. Such defense, however, has not been set up, and is therefore not available in that action.

It is, however, as above stated, urged, that all of plaintiff's demands for and denials by defendant of mileage books set up in these three actions and the fourth one mentioned in the stipulation constitute but a single refusal; that when defendant, upon the date mentioned in the first action, said it would not issue a mileage book to plaintiff unless he signed his name as requested, that was a com-

plete and lasting refusal; and that the subsequent demands and denials were simply a repetition and continuation of it. There is undoubtedly force in this argument, and the only question is how far it is effective. Common sense as well as the decisions quoted would lead to the judgment that a person having demanded and been refused a book, as set forth in these cases, should not be allowed to establish a new refusal and a new penalty by going the next moment and making his demand over again. Upon the other hand, a court might not be authorized to say that a person demanding a mileage book one day was simply continuing and repeating the same demand which he had made six months or a year or two years before. Defendant's counsel, upon his brief, urges that the demands set forth in actions Nos. 7 and 9 were simply a repetition and continuation of the one made in the earlier action. This defense is not set up in action No. 9, and therefore would not be available any way. Counsel also refers, upon his brief, to the commencement of a large number of other actions for similar penalties, as indicating that all were in the same series and a repetition of the same act. While I can infer that there are such other actions pending, the stipulations before me establish the existence of only one action other than the three here for decision. There is no evidence to indicate how the plaintiff came to make the demands set forth in actions Nos. 7 and 9, after having made the prior one. Under these circumstances, it seems proper to apply the rules laid down in the cases already referred to, and which hold that, under a statute like this, all of the acts and refusals committed before the commencement of an action constitute one offense, for which one penalty can be recovered, and that if, after the commencement of such action, a party repeats the acts prohibited by the statute, they constitute a new offense, for which another penalty can be recovered in another action. These rules would permit a recovery by plaintiff in actions Nos. 7 and 9 so far as the defenses under consideration are concerned.

A third defense, peculiar to it alone, is urged in action No. 9. It appears that the defendant had in the city of Utica two stations. One was its main station, in the middle of the city. Another was, I judge, a small side station, at a street crossing three-quarters of a mile away from the main station. Plaintiff, for some unexplained reason, instead of going to the main depot, went to this street-crossing station with his demand for a mileage book. He was very particular in the form of his demand. So far as appears, he was not a lawyer, but had apparently given considerable attention to the subject of mileage books and the obligations of railroad companies in respect thereto. He demanded "that the defendant issue to him a mileage-book as provided for by the laws of the state of New York, chapter 1027, Laws of 1895, as amended by chapter 835, Laws of 1896"; and the agent replied that he was not supplied with mileage books of the character asked for by him. Plaintiff was so particular in his demand upon defendant that defendant had a right to be equally exact in complying with it. At the time this demand was made, the statutes referred to by plaintiff had been changed, and an amendment made by Laws 1897, c. 484, had gone into effect, which modi-

fied the obligations and rights of the railroad company. The laws quoted by plaintiff, among other things, required the holder of a mileage book to personally present the same in order to obtain transportation for a member of his family or firm. The amendment of 1897 allowed such member of the family or firm to present the book and obtain transportation. Defendant, therefore, not only was not required to keep the kind of books asked for by plaintiff, but its attempt to issue such a one would have been a violation of the statute. Plaintiff is seeking to recover a penalty. There is nothing in the evidence to indicate any particular suffering or equity by him or in his behalf. I do not think it is the duty of the court to attempt by construction to so enlarge or modify his request as to make it a sufficient basis for the recovery of the penalty which he seeks.

These conclusions lead to a judgment in favor of plaintiff, with costs, in actions Nos. 5 and 7, and to a judgment in favor of defendant, with costs, in action No. 9, as the pleadings now stand. Defendant's counsel, however, in his brief, makes suggestion of an amendment to his pleadings, which perhaps was intended to cover the defect hereinbefore referred to. I do not think such amendment should be made without notice to the other side, but, if desired, a motion may be made upon such notice. Ordered accordingly.